IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00144-GPG

LINDSEY J. ASSELIN,

      Applicant,

v.

BOULDER COUNTY SHERIFF, at Boulder County Jail, and
RON HALE, Superintendent at CMHIP, and

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Lindsey J. Asselin, is being held at the Colorado Mental Health

Institute in Pueblo, Colorado (CMHIP).  Ms. Asselin initiated this action on January 19,

2016, by filing a pleading titled, "Brief in Support of Habeas Corpus 28 U.S.C. § 2241."

(ECF No. 1).

On January 21, 2016, Magistrate Judge Gordon P. Gallagher reviewed the

pleading and instructed Ms. Asselin to file her claims on the court-approved Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 5).  On February

8, 2016, Applicant filed an [Amended] Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2241. (ECF No. 6).  She has paid the $5.00 filing fee.  (ECF No. 7).

In the Amended § 2241 Application, Ms. Asselin raises the following claims:

1. At the May 27, 2015 hearing, Applicant was denied counsel, in
violation of the 6th Amendment right to counsel.

2. The county court had no jurisdiction to order a competency evaluation
or commit the Applicant to CMHIP custody, in violation of the 14th Amendment.

3. Applicant's commitment to custody to complete a competency evaluation, ordered by the court at the September 10, 2015 hearing, violated Applicant's 5th and 14th Amendment right to due process. This hearing also violated the Applicant's 6th Amendment right to counsel.

4. Applicant was denied bail, in violation of the 8th Amendment protection against cruel and unusual punishment, as well as the 6th and 14th Amendments.

5. The prosecutor withheld two emails from the victim to the prosecutor's office, which was exculpatory evidence. This violated the 6th and 14th Amendments.

6. The competency evaluation violated the 5th and 14th Amendments right to due process and the 6th Amendment.

7. While in custody, the Applicant received ineffective assistance of counsel in violation of the 6th Amendment.

(ECF No. 6 at 1-8).  For relief, Applicant requests that she be released from her CMHIP commitment immediately.

On February 11, 2016, Magistrate Judge Gallagher entered an Order directing Respondent Hale to brief the procedural basis for Ms. Asselin's continued placement at CMHIP, and address the affirmative defense of exhaustion of state court remedies, as well as any jurisdictional issues, within 21 days of the February 11 Order.   (ECF No. 8).

Respondent filed a Preliminary Response on March 3, 2016.  (ECF No. 15).  In the Preliminary Response, Respondent maintains that this Court should abstain from exercising jurisdiction over the Amended § 2241 Application pursuant to the abstention doctrine of *Younger v. Harris,* 401 U.S. 37 (1971).  Alternatively, Respondent argues that Applicant has not exhausted available state court remedies for her claims.

The Court must construe the Amended Application liberally because Ms. Asselin is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a pro se litigant. *See id.* For the reasons stated below, the Amended Application will be dismissed without prejudice.

## I. State Court Proceedings

On September 23, 2014, Ms. Asselin was arrested in Boulder County Case 2014M1605 and charged with misdemeanor third degree assault, knowingly or recklessly causing injury to another person (M1), in violation of COLO. REV. STAT. (C.R.S.) §18-3-204(1)(a). (ECF No. 15-1 at 2). The next day, the state court granted a criminal protection order against Applicant and she was released on bond. (*Id.* at 3).

On September 30, 2014, counsel entered an appearance for Ms. Asselin. (*Id.*). On May 27, 2015, the court granted Applicant's request that her attorney withdraw from the case. (*Id.* at 5). At a June 9, 2015 hearing, where Ms. Asselin appeared *pro se*, the court raised concerns about Applicant's competency. (*Id.*). The court ordered that Ms. Asselin complete a competency evaluation, while remaining on bond. (*Id.*). Additionally, the court appointed a public defender pending the outcome of the competency evaluation. (*Id.*).

On September 10, 2015, the court remanded Ms. Asselin to custody for a competency exam because she had failed to complete the evaluation ordered on June 9. (*Id.* at 6). On October 13, 2015, after CMHIP submitted a competency report to the Court, Applicant was found incompetent to proceed, pursuant to § 16-8.5-111(2), C.R.S., and committed to CMHIP for inpatient restoration to competency treatment. (*See* Order Finding Defendant Incompetent to Proceed and Committing Defendant for In-Patient Restoration to Competency, ECF No. 15-4; Order to Transport, ECF No. 15-5).

On October 21, 2015, the court granted Applicant's motion for a second

competency evaluation.  (ECF No. 15-1 at 7).  The motion was withdrawn on December 14, 2015.  (*Id.* at 8).  On December 16, 2015, the state court entered an Amended Order Finding Defendant Incompetent to Proceed and Committing Defendant for In-Patient Restoration to Competency.  (ECF No. 15-6).

CMHIP reviewed Ms. Asselin's competency and submitted a report to the court on February 12, 2016.  (ECF No. 15-1 at 9).  CHMIP is required to submit its next competency report for review by the court on May 13, 2016, at which time the state court will review whether Applicant should remain committed to CMHIP.  (*Id.*).

## II.  Statutory Basis for Applicant's Placement and Continued Placement at CMHIP

Boulder County Court has jurisdiction over Applicant's misdemeanor criminal charges under § 13-6-106(1)(a), C.R.S., and a duty to follow the provisions of the Colorado Criminal Code during Applicant's criminal proceedings.  §§ 16-1-102, 103, C.R.S.

Under the Colorado Criminal Code, a court or a party may request that a criminal defendant's competency to proceed be evaluated, pursuant to § 16-8.5-102(2)(a), C.R.S. The court has a duty to raise the issue of defendant's competency if it is in doubt at any state of proceedings before it proceeds further.  *People v. Hendricks*, 972 P.2d 1041 (Colo. App. 1998), *rev'd on other grounds*, 10 P.3d 1231 (Colo. 2000); *Jones v. District Court*, 617 P.2d. 803 (Colo. 1980).  The court may either make a preliminary finding regarding competency or decide it needs additional information and order the defendant be evaluated.  § 16-8.5-103(1), C.R.S.  If the court orders the defendant to be evaluated at CMHIP, then the Hospital must prepare a report to the court.  § 16-8.5-103(2), C.R.S.

Once a defendant is determined to be incompetent, the court has two options.

4

The court may release the defendant from custody on bond, with conditions, if release would comply with court rules of criminal procedure.   *See* § 16-8.5-111(2)(a), C.R.S. Or, if the court finds that the defendant is not eligible for release from custody, the court may commit the defendant to the custody of CMHIP. *See* § 16-8.5-111(2)(b), C.R.S. The state court must review the case of a defendant committed or confined as incompetent to proceed at least every three months to evaluate whether the defendant has been restored to competency and whether there is continued justification for commitment or confinement.   § 16-8.5-116(2), C.R.S.  The defendant cannot remain confined based on a finding of incompetency in a criminal matter for a period longer than the maximum term of confinement that could be imposed for the offenses charged. § 16-8.5-116(1), C.R.S.

## III.  Applicability of *Younger* abstention

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.  The abstention principles of *Younger* are jurisdictional and apply when the petitioner seeks federal habeas corpus relief under 28 U.S.C. § 2241 to enjoin a pending state criminal proceeding.  *See Dolack v. Allenbrand,* 548 F.3d 891, 893 (10th Cir. 1977).

In the instant action, all three of these conditions are met.  Ms. Asselin is being prosecuted in an ongoing state criminal proceeding and she has failed to allege facts to

show that the state criminal proceeding is not an adequate forum to hear her

constitutional claims, including her claims that commitment to CMHIP violates her

federal due process rights.  Even if the trial court will not consider any *pro se* motions

filed by Ms. Asselin while she is deemed incompetent, Applicant may raise her

constitutional issues through appointed counsel.  The state court proceeding thus offers

Ms. Asselin a forum to raise her constitutional challenges and the adjudication of this

federal lawsuit would inescapably intrude on the potential for the state court to decide

the same issues.  *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco,*

*Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention "'offers the opportunity

for narrowing constructions that might obviate the constitutional problem and

intelligently mediate federal constitutional concerns and state interests'" (quoting *Moore*

*v. Sims*, 442 U.S. 415, 429-30 (1979))).  The fact that Ms. Asselin has not obtained the

relief she seeks in the state court does not mean that she has not had, or does not

have, an adequate opportunity to present her federal claims in the state court

proceedings.

And, finally, the state has an important interest in the administration of its

Criminal Code, *see Penzoil*, 481 U.S. at 12-13, as well as the state competency

procedures set forth in §§ 16-8-101, *et seq.*, C.R.S.  Matters concerning the

competency of criminal defendants are traditionally areas of state concern.  *See*, *e.g.*,

*Pate v. Robinson,* 383 U.S. 375, 385 (1966) (discussing application of Illinois

competency statutes in conjunction with holding that petitioner did not waive defense of

incompetency to stand trial).  *See also Kelly v. Robinson*, 479 U.S. 36, 49 (1986)

(recognizing that "the States' interest in administering their criminal justice systems free

from federal interference is one of the most powerful of the considerations that should

influence a court considering equitable types of relief.") (citing *Younger*, 401 U.S. at 44-45).

Ms. Asselin "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Ms. Asselin's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Ms. Asselin fails to demonstrate that the criminal case against her was commenced with no reasonable hope of success.  She also fails to show any improper motivation for the criminal action or for her commitment to CMHIP.  Finally, there is no indication that the criminal case against Ms. Asselin has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.

Applicant's  conclusory allegations of bad faith in her Reply brief (ECF No. 19) are not supported by any specific facts and are therefore insufficient to meet the

exception to *Younger* abstention.  *See Phelps*, 122 F.3d at 889 (internal quotation marks omitted).

Finally, Ms. Asselin has not shown an irreparable injury stemming from the state court criminal prosecution.  Applicant's alleged injury – that she has been declared incompetent to proceed to trial – does not constitute immediate and irreparable harm. The state incompetency procedures are designed to protect a criminal defendant's federal due process rights.  *See Jones v. District Court*, 617 P.2d 803 (Colo. 1980) (citing Supreme Court due process precedent); *Bloom v. People*, 185 P.32d 797 (Colo. 2008).  Indeed, the state court registers of action show that the trial court is endeavoring to ensure that Applicant's criminal case does not proceed until she is restored to competency.  *See Palmer v. Schneider*, 699 F.2d 322, 324-25 (6th Cir. 1983) (dismissing action under *Younger* where plaintiff was indicted by state court for murder but found incompetent to stand trial, and no irreparable injury occurred because there was no evidence that state officials had acted in bad faith and plaintiff had never been tried for murder).  Pursuant to § 16–8.5-116(2), C.R.S., the trial court must review the issue of Applicant's competency every three months.  The statutory deadlines are substantially being met in Ms. Asselin's case to date.   And, Ms. Asselin's commitment to CMHIP has not lasted beyond the maximum term of confinement that could be imposed for the misdemeanor offense charged.[1]  *See* § 16-8.5-116(1), C.R.S.  Absent a showing of bad faith, the extraordinary circumstances exception is not met even if Applicant has been adjudicated incompetent incorrectly under state statutory procedures.  *See Younger*, 401 U.S. at 46-47.

---

[1] Under the Colorado Criminal Code, the maximum sentence that can be imposed for a violation of § 18-3-204(1)(a), C.R.S., a class one misdemeanor, is 24 months.  *See* §§ 18-3-204(3), and 18-1.3.501(a)(1) and (3), C.R.S.

Ms. Asselin's allegations in her Reply that she has incurred significant monetary losses as result of her commitment to CMHIP do not demonstrate that she has suffered an irreparable injury. *See Younger*, 401 U.S. at 47 (recognizing that financial injuries that are "incidental to every criminal proceeding brought lawfully and in good faith," do not constitute great and irreparable injury in the legal sense).

And finally, the fact that Ms. Asselin may be forced to stand trial on the criminal charge if she is restored to competency does not establish great and immediate irreparable injury. *See Phelps*, 122 F.3d at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger,* 401 U.S. at 46).

Because none of the exceptions apply to the *Younger* abstention doctrine apply, the Court should abstain from exercising jurisdiction over the amended Application.

## IV. Exhaustion of State Court Remedies

Alternatively, Ms. Asselin has failed to exhaust state remedies for the claims raised in her federal Application. Exhaustion of state remedies is a prerequisite to federal habeas relief under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Applicant's challenges to her commitment and to the state trial court's jurisdiction to make a competency finding may be raised in a separate state habeas proceeding filed against the appropriate respondent, or in an original proceeding pursuant to Colo. App. R. 21. *See* § 13-45-101, C.R.S. ("any person . . . committed or detained for any criminal or supposed criminal matter [may] apply to the supreme or district courts for a writ of habeas corpus"); *Parks v. Denver Dist. Court*, 503 P.2d 1029, 1032 (Colo. 1972) (Rule 21 proceeding involving competency issues); *People v. Carbajal*, 198 P.3d 102, 105 (Colo. 2008) (Rule 21 proceeding challenging

jurisdiction of district court in criminal matter).  Ms. Asselin does not allege facts to show

that she has attempted to pursue one of her available remedies in the state courts.

(*See* ECF No. 6 at 3-8; No. 19 at 3, 5).

    Ms. Asselin is reminded that if she is convicted and her conviction and sentence

is ultimately upheld in state court, and she believes that her federal constitutional rights

were violated, she may pursue her claims in this Court by filing an application for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 after she exhausts state remedies.

## V.  Pending Motions

    Ms. Asselin has filed a Motion to Grant Habeas Corpus (ECF No. 16), based on

Respondent's alleged failure to file a Preliminary Response by the court-ordered

deadline or to provide her with a copy of the same.   This motion will be denied because

Applicant subsequently received a copy of the Preliminary Response and filed a Reply.

    The Motion to Appoint Federal Public Defender (ECF no. 18) and "Motion to

Subpoena/Subpoena Duces Tecum" (motion to conduct discovery) (ECF No. 21) will

also be denied.  Because the Court has determined that the § 2241 Application is

subject to dismissal without prejudice under the doctrine of *Younger* abstention, and for

failure to exhaust available state court remedies, it is not necessary to appoint counsel

or authorize discovery.   *See* Rule 8(c) of the Rules Governing Section 2254 Cases in

the United States District Courts (stating that counsel shall be appointed for a habeas

petitioner if an evidentiary hearing is warranted). *See also See Bracy v. Gramley*, 520

U.S. 899, 908-09 (1997) (recognizing that discovery in a habeas proceeding is

warranted where the requested information may demonstrate that the petitioner is

entitled to relief).  Accordingly, it is

ORDERED that the Amended Application and this action are dismissed without prejudice pursuant to the abstention doctrine of *Younger v. Harris*, 402 U.S. 37 (1971). To the extent the Amended Application is not barred by *Younger* in its entirety, the Application it is subject to dismissal without prejudice for Applicant's failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Ms. Asselin has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the underlying claims have constitutional merit.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Asselin files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that all pending motions are DENIED.

Dated April 5, 2016, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court