IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00144-LTB

LINDSEY J. ASSELIN,

      Applicant,

v.

BOULDER COUNTY SHERIFF, at Boulder County Jail, and
RON HALE, Superintendent at CMHIP, and

      Respondents.
_____

ORDER DENYING MOTION TO RECONSIDER
_____

      Applicant, Lindsey J. Asselin, filed a "Motion to Reconsider" (ECF No. 25), on April 28, 2016.   In the Motion, Applicant challenges the Order of Dismissal and Judgment entered in this action on April 5, 2016.   The Court construes the Motion liberally because Ms. Asselin is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For the reasons discussed below, the Motion to Reconsider will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.   *See* Fed. R. Civ. P. 59(e).   The Court will consider the motion to reconsider filed by Ms. Asselin pursuant to Rule 59(e) because

the motion was filed within twenty-eight days after the Order of Dismissal and Judgment were entered in this action on April 5, 2016.   (*See* ECF Nos. 23, 24).   *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within time limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."   *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).   Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.   *See id.*

## I.  Background

On September 23, 2014, Ms. Asselin was arrested in Boulder County Case 2014M1605 and charged with misdemeanor third degree assault, knowingly or recklessly causing injury to another person (M1), in violation of COLO. REV. STAT. (C.R.S.) §18-3-204(1)(a). (ECF No. 15-1 at 2).   The next day, the state court granted a criminal protection order against Applicant and she was released on bond.   (*Id.* at 3).

On September 30, 2014, counsel entered an appearance for Ms. Asselin.   (*Id.*). On May 27, 2015, the court granted Applicant's request that her attorney withdraw from the case.   (*Id.* at 5).   At a June 9, 2015 hearing, where Ms. Asselin appeared *pro se*, the court raised concerns about Applicant's competency.   (*Id.*).   The court ordered that Ms. Asselin complete a competency evaluation, while remaining on bond.   (*Id.*). Additionally, the court appointed a public defender pending the outcome of the

2

competency evaluation.   (*Id.*).

On September 10, 2015, the court remanded Ms. Asselin to custody for a competency exam because she had failed to complete the evaluation ordered on June 9. (*Id.* at 6).   On October 13, 2015, after the Colorado Mental Health Institute in Pueblo, Colorado (CMHIP) submitted a competency report to the Court, Applicant was found incompetent to proceed, pursuant to § 16-8.5-111(2), C.R.S., and committed to CMHIP for inpatient restoration to competency treatment.   (*See* Order Finding Defendant Incompetent to Proceed and Committing Defendant for In-Patient Restoration to Competency, ECF No. 15-4; Order to Transport, ECF No. 15-5).

On October 21, 2015, the state court granted Applicant's motion for a second competency evaluation.   (ECF No. 15-1 at 7).   The motion was withdrawn on December 14, 2015.   (*Id.* at 8).   On December 16, 2015, the state court entered an Amended Order Finding Defendant Incompetent to Proceed and Committing Defendant for In-Patient Restoration to Competency.   (ECF No. 15-6).

CMHIP reviewed Ms. Asselin's competency and submitted a report to the court on February 12, 2016.   (ECF No. 15-1 at 9).   CMHIP is required to submit its next competency report for review by the court on May 13, 2016, at which time the state court will review whether Applicant should remain committed to CMHIP.   (*Id.*).

In the Amended § 2241 Application (ECF No. 6), Ms. Asselin, challenged the state court's jurisdiction to order a competency evaluation, and her commitment to CMHIP. She also claimed that she was denied bail, in violation of the Eighth Amendment, and asserts claims of prosecutorial misconduct and ineffective assistance of counsel.

3

The Court dismissed the § 2241 Application without prejudice under the abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971), and for failure to exhaust available state court remedies.

## II. Analysis

Ms. Asselin now asks the Court to reconsider the dismissal order on the grounds that she alleged in support of her Amended § 2241 Application and Reply to the Preliminary Response.   (*See* ECF Nos. 6 and 19).   However, she fails to allege facts to indicate that *Younger* abstention does not apply, or that she exhausted state court remedies for her claims.   As such, she fails to provide a basis for relief under Fed. R. Civ. P. 59(e).   *See Servants of the Paraclete*, 204 F.3d at 1012.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Asselin fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.   Accordingly, it is

ORDERED that the "Motion to Reconsider" (ECF No. 25), filed *pro se* by Applicant, Lindsay J. Asselin, on April 28, 2016, which the Court construes liberally as a motion for relief under Fed. R. Civ. P. 59(e), is DENIED.

DATED May 3, 2016, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court